## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**Case No.:**

**LEPORYON WORTHEY,**

    **Plaintiff,**

                                      **COMPLAINT**

**v.**

**EQUIFAX INFORMATION SERVICES LLC, CAPITAL BANK NA, CITIBANK NA, MONEYLION OF FLORIDA LLC, VERIZON WIRELESS LLC,**

                            **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, Leporyon Worthey ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Capital Bank NA, ("Defendant Capital Bank" or "Capital Bank"), Defendant Citibank NA ("Defendant Citibank" or "Citibank"), Defendant MoneyLion of Florida LLC ("Defendant MoneyLion" or "MoneyLion"), and Defendant Verizon Wireless LLC ("Defendant Verizon" or "Verizon"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§ 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Clay County, Florida.

5.    Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by the FCRA, 15 USC §1681a(f).

6.    Defendant Capital Bank, N.A. is a financial institution whose headquarters is located at 2275 Research Blvd, Rockville, Maryland 20850. Capital Bank is a "person" as defined by the FCRA, 15 USC §1681a(b).

7.    Defendant Citibank, N.A. is a financial institution whose headquarters are located at 5800 South Corporate Place, Sioux Falls, South Dakota 57108. Citibank is a "person" as defined by the FCRA, 15 USC §1681a(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8.     Defendant MoneyLion is a Delaware limited liability company whose registered agent is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. MoneyLion is a "person" as defined by the FCRA, 15 USC §1681a(b). MoneyLion is a financial technology platform that offers loans and subscription services to consumers.

9.     Defendant Verizon is a Delaware corporation whose registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Verizon is a wireless network operator and the second largest wireless carrier in the United States. Verizon is a "person" as defined by the FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

10.     This action involves derogatory and inaccurate reporting of multiple fraudulent Accounts (the "Accounts") by Capital Bank, Citibank, MoneyLion, and Verizon (collectively, the "Furnishers") to the Credit Reporting Agency, Equifax Information Services LLC.

11.     The Capital Bank Account is for a debt allegedly owed by Plaintiff, which has been charged off.

12.     The Citibank Account is for a debt allegedly owed by Plaintiff, which has been charged off.

13.     The MoneyLion Account is for a debt allegedly owed by Plaintiff, which has been charged off.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.     The Verizon Account is for a debt allegedly owed by Plaintiff, which has been charged off.

15.     Plaintiff does not recognize any of the Accounts, did not open any of the Accounts, and does not owe any money to the Furnishers for these Accounts.

16.     In or around January 2024, Plaintiff requested a copy of his credit report from Defendant Equifax. The report listed Accounts in collections.

17.     In or around January 2024, Plaintiff submitted a dispute to Defendant Equifax requesting that it remove the Accounts from his Equifax report because she did not recognize them, and they were not his accounts.

18.     In or around February 2024, Defendant Equifax verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent and inaccurate and not the Plaintiff's.

19.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Equifax and furnished by the Furnishers.

20.     As of the filing of this complaint, Defendant Equifax is still reporting the Accounts on Plaintiff's credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

21.     Plaintiff incorporates by reference paragraphs ¶¶ 1-20 of this Complaint.

22.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Equifax, a consumer reporting agency.

23.     In or around January 2024, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around January 2024, Plaintiff disputed this inaccurate and derogatory information to Equifax.

24.     The Furnishers verified the Accounts. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Accounts from Plaintiff's Equifax credit report.

25.     As of the filing of this complaint, Furnishers' derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

26.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

financial information about consumer transactions or experiences with any consumer.

27.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

28.     Despite Defendant Equifax having received Plaintiff's dispute of the Accounts, Equifax continues to report the Account with an outstanding unpaid balance from the Furnishers.

29.     Continuing to report the status of the Accounts in this fashion is significant.

30.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

31.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

32.     Equifax failed to conduct a reasonable investigation and reinvestigation.

33.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.     Equifax failed to conduct an independent investigation and, instead, deferred to the Furnishers, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

35.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

36.     Equifax's reporting of inaccurate information about the Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

37.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the Furnishers despite being in possession of evidence that the information was inaccurate.

38.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

39.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

40.     On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

41.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

42.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

43.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

44.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

45.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

46.    The appearance of the account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

47.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

49.     Plaintiff incorporates by reference paragraphs ¶¶ 1-20 above of this Complaint.

50.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

51.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

53.     Additionally, Equifax negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

54.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

56.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

57.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

58.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Capital Bank)

59.     Plaintiff incorporates the allegations regarding the Capital Bank Account and Defendant Capital Bank in paragraphs ¶¶ 1-20 and by reference of this Complaint.

60.     Defendant Capital Bank is a financial institution.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

61.    In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Capital Bank.

62.    In or about February 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant Capital Bank.

63.    In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant Capital Bank of the Dispute in accordance with the FCRA.

64.    As of the filing of this complaint, the debt has continued to be verified by Defendant Capital Bank.

65.    Defendant Capital Bank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

66.    On a date better known by Defendant Capital Bank, Defendant Equifax promptly and properly gave notice to Defendant Capital Bank of Plaintiff's Dispute in accordance with the FCRA.

67.    In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant Capital Bank did not and otherwise failed to conduct a reasonable investigation into the Capital Bank Account which is the subject of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dispute.

68.     In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant Capital Bank failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

69.     Instead of conducting a reasonable investigation, Defendant Capital Bank erroneously validated the Capital Bank Account and continued to report inaccurate and fraudulent information to Defendant Equifax.

70.     On at least one occasion within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

71.     On at least one occasion within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax.

72.     On at least one occasion within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

73.     Upon information and belief, Defendant Capital Bank was aware of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

74.     Defendant Capital Bank's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

75.     As a direct and proximate result of Defendant Capital Bank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

76.     Defendant Capital Bank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court deems appropriate under the circumstances.

## COUNT 4
## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Capital Bank)

78.    Plaintiff incorporates the allegations regarding the Capital Bank Account and Defendant Capital Bank in paragraphs ¶¶ 1-20 by reference of this Complaint.

79.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

80.    On one or more occasions within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

81.    On one or more occasions within the past year, by example only and without limitation, Defendant Capital Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

82.    When Defendant Capital Bank received notice of Plaintiff's dispute from Defendant Equifax, Defendant Capital Bank could and should have reviewed its own systems and previous communications with Plaintiff as part of its

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

investigation.

83.     Defendant Capital Bank would have discovered that the information it was reporting about Plaintiff was inaccurate and the Capital Bank Account was fraudulent and inaccurate if Defendant Capital Bank had reviewed its own systems and previous communications with the Plaintiff.

84.     Defendant Capital Bank's investigation was per se deficient by reason of these failures in Defendant Capital Bank's investigation of Plaintiff's Dispute.

85.     As a direct and proximate result of Defendant Capital Bank's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

86.     Defendant Capital Bank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

87.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital Bank awarding Plaintiff the following relief:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Citibank)

88.    Plaintiff incorporates the allegations regarding the Citibank Account and Defendant Citibank in paragraphs ¶¶ 1-20 and by reference of this Complaint.

89.    Defendant Citibank is a financial institution.

90.    In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Citibank.

91.    In or about February 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant Citibank.

92.    In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant Citibank of the Dispute in accordance with the FCRA.

93.    As of the filing of this complaint, the debt has continued to be verified by Defendant Citibank.

94.    Defendant Citibank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting agencies about consumer transactions or experiences with any consumer.

95.    On a date better known by Defendant Citibank, Defendant Equifax promptly and properly gave notice to Defendant Citibank of Plaintiff's Dispute in accordance with the FCRA.

96.    In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant Citibank did not and otherwise failed to conduct a reasonable investigation into the Citibank Account which is the subject of the Dispute.

97.    In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant Citibank failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

98.    Instead of conducting a reasonable investigation, Defendant Citibank erroneously validated the Citibank Account and continued to report inaccurate and fraudulent information to Defendant Equifax.

99.    On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

100.   On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax.

101.   On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

102.   Upon information and belief, Defendant Citibank was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

103.   Defendant Citibank's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

104.   As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

105.   Defendant Citibank's actions in violation of 15 U.S.C. § 1681s-2(b),

were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Citibank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Citibank)

107.   Plaintiff incorporates the allegations regarding the Citibank Account and Defendant Citibank in paragraphs ¶¶ 1-20 by reference of this Complaint.

108.   On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

109.   On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

110. On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

111. When Defendant Citibank received notice of Plaintiff's dispute from Defendant Equifax, Defendant Citibank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

112. Defendant Citibank would have discovered that the information it was reporting about Plaintiff was inaccurate and the Citibank Account was fraudulent and inaccurate if Defendant Citibank had reviewed its own systems and previous communications with the Plaintiff.

113. Defendant Citibank's investigation was per se deficient by reason of these failures in Defendant Citibank's investigation of Plaintiff's Dispute.

114. As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

115.   Defendant Citibank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

116.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Citibank awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant MoneyLion)

117.   Plaintiff incorporates the allegations regarding the MoneyLion Account and Defendant MoneyLion in paragraphs ¶¶ 1-20 and by reference of this Complaint.

118.   Defendant MoneyLion is a financial technology platform that offers loans and subscription services to consumers.

119.   In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant MoneyLion.

120.   In or about February 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant MoneyLion.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

121.   In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant MoneyLion of the Dispute in accordance with the FCRA.

122.   As of the filing of this complaint, the debt has continued to be verified by Defendant MoneyLion.

123.   Defendant MoneyLion is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

124.   On a date better known by Defendant MoneyLion, Defendant Equifax promptly and properly gave notice to Defendant MoneyLion of Plaintiff's Dispute in accordance with the FCRA.

125.   In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant MoneyLion did not and otherwise failed to conduct a reasonable investigation into the MoneyLion Account which is the subject of the Dispute.

126.   In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant MoneyLion failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

127.   Instead   of   conducting   a   reasonable   investigation,   Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

MoneyLion erroneously validated the MoneyLion Account and continued to report inaccurate and fraudulent information to Defendant Equifax.

128.   On at least one occasion within the past year, by example only and without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

129.   On at least one occasion within the past year, by example only and without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax.

130.   On at least one occasion within the past year, by example only and without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

131.   Upon information and belief, Defendant MoneyLion was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

132.   Defendant MoneyLion's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

133.   As a direct and proximate result of Defendant MoneyLion's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

134.   Defendant MoneyLion's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant MoneyLion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant MoneyLion)

136.   Plaintiff incorporates the allegations regarding the MoneyLion Account and Defendant MoneyLion in paragraphs ¶¶ 1-20 by reference of this Complaint.

137.   On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

138.   On one or more occasions within the past year, by example only and without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

139.   On one or more occasions within the past year, by example only and without limitation, Defendant MoneyLion violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

140.   When Defendant MoneyLion received notice of Plaintiff's dispute from Defendant Equifax, Defendant MoneyLion could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

141.   Defendant MoneyLion would have discovered that the information it was reporting about Plaintiff was inaccurate and the MoneyLion Account was fraudulent and inaccurate if Defendant MoneyLion had reviewed its own systems and previous communications with the Plaintiff.

142.   Defendant MoneyLion's investigation was per se deficient by reason of these failures in Defendant MoneyLion's investigation of Plaintiff's Dispute.

143.   As a direct and proximate result of Defendant MoneyLion's violations

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

144.   Defendant MoneyLion's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

145.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant MoneyLion awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Verizon)

146.   Plaintiff incorporates the allegations regarding the Verizon Account and Defendant Verizon in paragraphs ¶¶ 1-20 and by reference of this Complaint.

147.   Defendant Verizon is a wireless network operator and the second

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

largest wireless carrier in the United States.

148.   In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Verizon.

149.   In or about February 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant Verizon.

150.   In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant Verizon of the Dispute in accordance with the FCRA.

151.   As of the filing of this complaint, the debt has continued to be verified by Defendant Verizon.

152.   Defendant Verizon is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

153.   On a date better known by Defendant Verizon, Defendant Equifax promptly and properly gave notice to Defendant Verizon of Plaintiff's Dispute in accordance with the FCRA.

154.   In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant Verizon did not and otherwise failed to conduct a reasonable investigation into the Verizon Account which is the subject of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dispute.

155. In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant Verizon failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

156. Instead of conducting a reasonable investigation, Defendant Verizon erroneously validated the Verizon Account and continued to report inaccurate and fraudulent information to Defendant Equifax.

157. On at least one occasion within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

158. On at least one occasion within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Equifax.

159. On at least one occasion within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

160. Upon information and belief, Defendant Verizon was aware of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

161.  Defendant Verizon's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

162.  As a direct and proximate result of Defendant Verizon's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

163.  Defendant Verizon's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

164.  WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Verizon, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court deems appropriate under the circumstances.

**COUNT 10**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Verizon)

165.   Plaintiff incorporates the allegations regarding the Verizon Account and Defendant Verizon in paragraphs ¶¶ 1-20 by reference of this Complaint.

166.   On at least one occasion within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

167.   On one or more occasions within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

168.   On one or more occasions within the past year, by example only and without limitation, Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

169.   When Defendant Verizon received notice of Plaintiff's dispute from Defendant Equifax, Defendant Verizon could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

170.   Defendant Verizon would have discovered that the information it was reporting about Plaintiff was inaccurate and the Verizon Account was fraudulent and

inaccurate if Defendant Verizon had reviewed its own systems and previous communications with the Plaintiff.

171.   Defendant Verizon's investigation was per se deficient by reason of these failures in Defendant Verizon's investigation of Plaintiff's Dispute.

172.   As a direct and proximate result of Defendant Verizon's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

173.   Defendant Verizon's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

174.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Verizon awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: April 26, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S.
Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com